UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80155-ROSENBERG

PHILIP WILSON,

    Plaintiff,

v.

FORD MOTOR SERVICE
COMPANY, et al.,

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTIONS TO DISMISS AND ORDER CLOSING CASE

**THIS CAUSE** is before the Court on Defendant Ford Motor Service Company's Motion to Dismiss at docket entry 28 and Defendant Grieco Ford Delray Breach LLC's Motion to Dismiss at docket entry 22. This case concerns the Plaintiff's vehicle, which he alleges has been damaged through faulty manufacturing and through faulty repairs.[1]  Each motion before the Court is addressed in turn.

With respect to Defendant Ford Motor's Motion to Dismiss, Ford Motor has attached a copy of a fully executed services agreement with the Plaintiff, wherein the Plaintiff agreed to arbitrate all claims pertaining to his vehicle. Ford Motor therefore requests that the Plaintiff be compelled to arbitrate his claims and the Court grants Ford Motor that relief for two reasons. First, the Court can see no legal basis to deny Ford Motor's request, consistent with the executed agreement. Second, the Plaintiff failed to respond to Ford Motor's Motion to Dismiss and the Court grants the Motion by default pursuant to Local Rule 7.1(c). Ford Motor's Motion is therefore

---

[1] The Plaintiff previously sued a third Defendant, America Credit Acceptance, but the Plaintiff dismissed that Defendant with a joint stipulation of dismissal at docket entry 24.

granted to the extent it requests the Plaintiff be compelled to arbitrate his claims, but denied to the extent Ford Motor requests that the Plaintiff's claims be dismissed; the Court will stay all claims against Ford Motor during arbitration.

With respect to the final remaining Defendant, Grieco Ford, the basis for the Plaintiff's assertion of federal court jurisdiction[2] is that he has brought a claim against Grieco Ford under the federal Magnusson-Moss Warranty Act. As best as the Court is able to discern, the Plaintiff alleges that Grieco Ford performed a faulty repair or otherwise violated a warranty associated with a repair of a vehicle's sunroof. The Warranty Act has a jurisdictional prerequisite of $50,000 as an amount in controversy. 15 U.S.C. § 2310(d)(3)(B). Grieco Ford requests that the Plaintiff's Magnusson-Moss Warranty claim be dismissed.

The Plaintiff's claim concerns his 2020 Ford Eco Sport with at least 25,275 miles on it. DE 15 at 1; *but see* DE 28-1 at 2 (showing 35,974 miles on the Plaintiff's vehicle). Although the Court is unclear how much is at issue with respect to Grieco Ford's allegedly faulty repair of a sunroof, the Court fails to see how Grieco Ford could be liable for more than the value of the entire vehicle. And given that the sales price of a *new* Ford Eco Spot is approximately $30,000 in the Court's experience,[3] and given that it is the Plaintiff that bears the burden of proving the amount in controversy in this case exceeds $50,000,[4] the Court concludes that the amount in controversy in this case is less than $50,000. For that reason, the Plaintiff's Magnusson-Moss Warranty claim is dismissed without prejudice. Even if the Court could exercise supplemental jurisdiction over the

---

[2] As best as the Court can discern from the court file, the Plaintiff is a resident of Florida and Defendant Grieco Ford is a Florida company, with a Florida address, selling vehicles in Florida; the Court is unaware of any basis to conclude that the parties are citizens of different states, nor is the Court able to discern how the amount in controversy in this case could be at least $75,000, consistent with the Court's discussion above.
[3] In the alternative to the Court's reliance upon its own experience, the Court takes judicial notice of the price of a new Ford EcoSport on cars.com, which is far, far less than $50,000. The Court also notes that the Plaintiff's car payment in his Motion for *In Forma Pauperis* Status is consistent with a car value less than $30,000.
[4] *C.f., Satsky v. Aston Martin Lagonda of NA*, No. 9:18-CV-80056, 2018 WL 8139342, at *1 (S.D. Fla. Mar. 9, 2018) (noting that the burden to show the $50,000 jurisdictional threshold is upon the party asserting federal jurisdiction).

Plaintiff's remaining claims, which all sound in state law, the Court declines to do so. *See* 28 U.S.C. § 1367(c)(3); *Millette v. DEK Techs., Inc.*, No. 08-60639, 2008 WL 5054741 (S.D. Fla. Nov. 25, 2008). Accordingly, every claim against Grieco Ford is dismissed without prejudice.

For the foregoing reasons, all claims against Ford Motor are **STAYED** and the Plaintiff is **ORDERED** to **COMPLY** with his agreement to arbitrate and **ARBITRATE** his claims. Any party may move for this case to be re-opened after arbitration has completed. Every remaining claim in this case is **DISMISSED WITHOUT PREJUDICE**. As there are no remaining active claims in this case, the Clerk of the Court is **ORDERED TO CLOSE THIS CASE.**

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 26th day of May, 2023.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE